# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Aperture Net LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Stanley Black & Decker, Inc.,**<br><br>Defendant. | Case No. 6:21-cv-01118<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Aperture Net LLC ("Plaintiff"), through its attorneys, complains of Stanley Black & Decker, Inc. ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff Aperture Net LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6009 W Parker Rd, Ste 149 - 1036, Plano, TX 75093.

2. Defendant Stanley Black & Decker, Inc. is a corporation organized and existing under the laws of Connecticut that maintains an established place of business at 1000 Stanley Drive, New Britain, CT 06053. Defendant can be served through its registered agent, Corporation Service Company, at 211 E. 7th Street Suite 620 Austin, TX 78701.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and maintains a regular and established place of business in this District's state at 4616 W Howard Ln building 1, suite 110, Austin, TX 78758.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,711,204 (the "Patent-in-Suit" or the "204 Patent"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '204 PATENT

8. The '204 Patent is entitled "Channel sounding for a spread-spectrum signal," and issued 03/23/2004. The application leading to the '204 Patent was filed on 07/19/2001. A true and correct copy of the '204 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '204 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '204 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. **Direct Infringement**. Defendant has directly infringed claims 3, 25, and 26 of the '204 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe claims 3, 25, and 26 of the '204 Patent also identified in the charts incorporated into this Count below literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe claims 3, 25, and 26 of the '204 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has directly infringed, literally or under the doctrine of equivalents, claims 3, 25, and 26 of the '204 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. Exhibit 2 includes charts comparing claims 3, 25, and 26 of the '204 Patent to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '204 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of claims 3, 25, and 26 of the '204 Patent.

14. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

15. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

16. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '204 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly claims 3, 25, and 26 of the '204 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '204 Patent.

E. And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: October 29, 2021

Respectfully submitted,

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

THE MORT LAW FIRM, PLLC
100 Congress Ave, Suite 2000
Austin, TX 78701
T: 512-865-7950

Together with:

CHONG LAW FIRM PA

Jimmy Chong (#4839)
(pro hac vice forthcoming)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (877) 796-4627
Email: chong@chonglawfirm.com

**Counsel for Plaintiff**